**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Eugene GRIMES, Jr.,**
**Defendant-Appellant.**

No. 79–5205.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1980.

Decided May 8, 1980.

Thomas P. Flynn (court appointed), Kennedy Legler III, Dayton, Ohio, for defendant-appellant.

James C. Cissell, U. S. Atty., Dayton, Ohio, William R. Martin, Cincinnati, Ohio, for plaintiff-appellee.

Before EDWARDS, Chief Judge, and WEICK and KENNEDY, Circuit Judges.

PER CURIAM.

Appellant Grimes seeks reversal of his jury conviction for forgery and possession of stolen mail under 18 U.S.C. §§ 495 and 1708 (1976). Grimes' allegations are that the District Judge failed to follow the Federal Rules of Evidence and thus occasioned the admission of highly prejudicial evidence which he asserts was admitted contrary to said rules.

Our review of the briefs and records does not bear out these contentions. Rule 404(b) of the Federal Rules of Evidence says:

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

It is clear to us that appellant sought to convince the jury, by his own testimony, that he had participated in the cashing of a check made out to one Edward L. Evans,

knowing that none of the persons who had received the proceeds was Edward L. Evans but in the belief that one of them was entitled to those proceeds. Grimes' defense was that he did not intentionally participate in forgery and possession of stolen mail.

Under these circumstances, we feel the District Judge committed no abuse of discretion in admitting evidence of other similar crimes engaged in by defendant in order to negate his claim of lack of criminal intent. No other meritorious issue being presented, the judgment of conviction is affirmed.