UNITED STATES of America, Plaintiff,

v.

Robert Eugene GRIMES, Defendant.

No. CR–3–79–20.

United States District Court,
S.D. Ohio, W.D.

April 21, 1983.

James A. Wilson, Asst. U.S. Atty., Dayton, Ohio, for plaintiff.

Dwight D. Brannon, Dayton, Ohio, for defendant.

DECISION AND ENTRY DISMISSING FOUR OF FIVE CLAIMS RAISED BY DEFENDANT IN MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; UNITED STATES ATTORNEY ORDERED TO EXPAND RECORD WITH RESPECT TO CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ON OR BEFORE MAY 23, 1983

RICE, District Judge.

I. *Background*

The captioned cause is before the Court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant was convicted in this Court in 1979 on charges of possession of stolen

mail, in violation of 18 U.S.C. § 1708; forgery, in violation of 18 U.S.C. § 475; and aiding and abetting in violation of 18 U.S.C. § 2, and was sentenced to a term of five years each on the forgery and possession of stolen mail charges. The above stated charges stemmed from the theft and forgery of a U.S. Treasury check. Defendant claimed as a defense that he did not know the check ·was stolen. He instead stated that a friend of his, Anderson, asked for his help in cashing a check for one Henderson. The check was payable to Edward L. Evans.

Defendant subsequently appealed his conviction to the Sixth Circuit Court of Appeals, claiming that the trial court erroneously admitted highly prejudicial evidence concerning prior crimes pursuant to Fed.R.Evid. 404(b). The Court of Appeals found that since "Grimes' defense was that he did not intentionally participate in forgery and possession of stolen mail," the trial court "committed no abuse of discretion in admitting evidence of other similar crimes engaged in by defendant in order to negate his claim of lack of criminal intent." *United States v. Grimes*, 620 F.2d 587, 588 (6th Cir.1980). Defendant's conviction was affirmed.

Defendant filed this motion to vacate, set aside, or correct sentence in September of 1982, alleging that he was denied "the Due Process rights that are guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, the Double Jeopardy Clause Rights of the Fifth Amendment, and the Sixth Amendment Right to. Counsel." (Doc. # 44, p. 2). More specifically, Defendant claims that his constitutional rights have been violated in the following ways:

1. The Government did not prove that Defendant had knowledge that the check was stolen;

2. The trial court gave the jury an instruction which permitted an inference of knowledge to be drawn from unexplained possession of stolen mail, thereby impermissibly shifting the burden of proof to Defendant;

3. The trial court erroneously admitted highly prejudicial evidence of Defendant's prior wrongful acts;

4. Defendant's conviction on charges of possession of stolen mail and forgery constitutes a violation of the Fifth Amendment protection against double jeopardy; and

5. Defendant was denied the effective assistance of counsel.

This case is presently before the Court for preliminary consideration pursuant to 28 U.S.C. § 2255, Rule 4.[1] The Court has in its possession the following documents: Defendant's criminal file with respect to his conviction in this Court, the Motion to Vacate, set aside or correct sentence, a Response filed by the Government on its own initiative, and Defendant's Response thereto. For the reasons set forth below, the Court concludes that the first four claims raised by Defendant must be dismissed, and that the Government must expand the record with respect to Defendant's fifth ground for relief (that he was denied the effective assistance of counsel) pursuant to 28 U.S.C. § 2255, Rule 7.

II. *Discussion*

A. *Defendant's Claim That the Government Failed to Prove That He Had Knowledge the Check Was Stolen.*

Defendant claims that his conviction for possession of stolen mail pursuant to 18

---

1. 28 U.S.C. § 2255, Rule 4 reads, in pertinent part, as follows:

   (b) Initial consideration by judge. The motion together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

U.S.C. § 1708 is invalid because the Government failed to prove that he had knowledge that the check was stolen. In essence, the Defendant claims that the Government must prove his subjective state of mind in order to gain a conviction, and that his denial of such knowledge constitutes a bar to proof.

18 U.S.C. § 1708 provides, in pertinent part, as follows:

> Whoever buys, receives or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—
>
> Shall be fined not more than $2,000 or imprisoned not more than five years, or both.

■ Therefore, in order to prove possession of stolen mail under 18 U.S.C. § 1708, the Government must prove three things:

1. possession by the defendant;
2. of property stolen from the mail;
3. which the defendant knew to be stolen.

*United States v. Makres,* 598 F.2d 1072, 1079 (7th Cir.1979).

■ The Supreme Court, however, held in *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), that a permissive inference exists with respect to proof of knowledge, which permits the jury to infer the existence of knowledge from the defendant's unexplained possession of stolen mail. Thus, in the instant case, the jury was properly permitted to infer knowledge from Defendant's admission of possession. The fact that Defendant denied knowing that the check was stolen raised only a question of credibility. In this case, the jury simply did not find the Defendant's story believable. Thus, the Court finds that this claim is without merit, and should be dismissed.

B. *Defendant's claim that the jury instruction permitting an inference of knowledge from unexplained possession of stolen mail unconstitutionally shifts the burden of proof to Defendant.*

■ Defendant claims that allowing the jury to infer knowledge from possession of stolen mail unconstitutionally shifts the burden of proof from the state to the Defendant. The Supreme Court, however, examined precisely this issue in *Barnes, supra.* Therein, the Court upheld the validity of the reference of knowledge from possession. In doing so, the Court recognized that the inference has the effect of shifting the *burden of going forward* with evidence to the Defendant,[2] and that "the burden of going forward may not be freely shifted to the defendant." *Id.* at 846, n. 11, 93 S.Ct. at 2363, n. 11 (citing, *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943)). However, the Court found that:

> Where there is a 'rational connection' between the facts proved and the facts presumed or inferred, it is permissible to shift the burden of going forward to the defendant. Where an inference satisfies the reasonable doubt standard, as in the present case, there will certainly be a rational connection between the fact presumed or inferred (in this case, knowledge) and the facts the Government must prove in order to shift the burden of going forward (possession of recently stolen property).

2. In *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the Court examined the distinction between the burden of proof and the burden of going forward, or burden of producing evidence. There, the Court said:

> Contemporary writers divide the general notion of 'burden of proof' into a burden of *producing* some probative evidence on a particular issue [the burden of going forward] and a burden of *persuading* the factfinder with respect to that issue by a standard such as proof beyond a reasonable doubt or by a fair preponderance of the evidence.

*Id.* at 695, n. 20, 95 S.Ct. at 1888 n. 20.

*Id.*[3] Thus, the Court concluded that allowing the jury to infer knowledge from possession does not violate the Constitution.

Accordingly, the Court finds that in the instant case, the burden of proof was not unconstitutionally shifted to Defendant, and that this claim must, therefore, be dismissed.

C. *Defendant's Claim that the trial court erroneously admitted prejudicial evidence of prior wrongful acts.*

Defendant claims that the trial court impermissibly admitted evidence of prior wrongful acts (related to other stolen checks). As stated earlier, Defendant raised this claim on appeal to the Sixth Circuit. The Court of Appeals rejected Defendant's argument, because in its view, the evidence was admissible to rebut Defendant's claims that he lacked criminal intent, pursuant to Fed.R.Evid. 404(b), which provides as follows:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ The Sixth Circuit found, in *Stephan v. United States*, 496 F.2d 527 (6th Cir. 1974) that where an issue raised by defendant in a motion to vacate, set aside or correct sentence has previously been decided on direct appeal, the trial court may decline to consider the claim. *See also, Kaufman v. United States*, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 1074 n. 8, 22

L.Ed.2d 227 (1969). Therefore, the Court concludes that since Defendant has previously raised, on direct appeal, that the trial court impermissibly admitted evidence of prior wrongful acts, this Court may decline to entertain the same claim. Defendant's third claim for relief should, therefore, be dismissed.

D. *Defendant's Claim that his conviction on charges of forgery and possession of stolen mail violates the Double Jeopardy clause of the Fifth Amendment.*

Defendant claims that his conviction on charges of forgery and possession of stolen mail constitutes a violation of the Double Jeopardy clause of the Fifth Amendment, because in his view, the two statutory provisions prohibit the same conduct.

■ The Fifth Amendment guarantee against "double jeopardy" "consist[s] of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The instant case presents a claim under the third type of situation protected by the Fifth Amendment—multiple punishments for the same offense.

■ The applicable rule for determining when conviction on more than one statutory provision constitutes multiple punishment for the same offense was first set forth by the Supreme Court in *Blockbur-*

---

**3.** *Barnes* was approved by the Supreme Court in *Ulster County Court v. Allen*, 442 U.S. 140 (1979) at 156–67, 99 S.Ct. 2213 at 2224–2225, 60 L.Ed.2d 777, wherein the Court stated:

> The most common evidentiary device is the entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant. *See, e.g., Barnes v. United States, supra,* [412 U.S.] at 840, n. 3 [93 S.Ct. at 2360, n.

3].... Because this permissive presumption leaves the trier of fact free to credit or reject the inference and *does not shift the burden of proof,* it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.

(emphasis added). *See also, Mullaney v. Wilbur, supra,* 421 U.S. at 703, n. 31, 95 S.Ct. at 1892, n. 31 (ultimate burden of persuasion by proof beyond a reasonable doubt remains on the state).

*ger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), wherein the Court said:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. This rule was reaffirmed in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). *See, Pryor v. Rose*, 699 F.2d 287 (6th Cir.1983).[4]

■ Application of the *Blockburger* rule to this case requires a determination as to "whether each provision requires proof of a fact which the other does not." *Id.* In order to prove a violation of 18 U.S.C. § 495 (forgery), the Government must prove the following:

1. defendant wrote his name on the back of a U.S. Treasury check;
2. without authority and with intent to obtain from the United States any sum of money;
3. doing such act willfully.

*See, United States v. Hart*, 640 F.2d 856 (6th Cir.1981). In order to gain a conviction for possession of stolen mail, in violation of 18 U.S.C. § 1708, the Government must prove that the defendant:

1. possessed material
2. that was stolen from the mail
3. with knowledge that it was stolen.

*United States v. Makres*, 598 F.2d 1072 (7th Cir.1979).

Thus, since each provision under which Defendant was convicted requires proof of a different set of facts, there is clearly no double jeopardy violation in this case. This claim should therefore be dismissed for lack of merit.

### E. *Defendant's Claim That He Was Denied The Effective Assistance Of Counsel.*

Defendant's final claim is that he was denied the effective assistance of counsel guaranteed him by the Sixth Amendment. Although Defendant does not point to any specific act or omission on the part of defense counsel, he claims that "[i]t is clear from the actions of [ ] appointed counsel that he did not perform as a vigorous advocate." Doc. # 44, p. 8.

The review of the transcript of Defendant's trial revealed a line of defense questioning which causes the Court some concern. On direct examination of the Defendant, who was on trial for, in essence, stealing and cashing a government check, defense counsel questioned Defendant on the matter of whether he was in need of money, and for what reason.[5] Transcript, p.

---

**4.** In *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the Court held that, where a multi-purpose criminal statute is involved, the applicable alternative elements must be treated as separate statutes for purposes of analysis under the *Blockburger* rule. In *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the Supreme Court utilized a similar approach, finding that where a statute is vague or nonspecific, identification of the various *meanings* of the statute involved is required for purposes of analysis under *Blockburger*. *See, Pandelli v. United States*, 635 F.2d 533 (6th Cir.1980). This case, however, presents neither situation. Accordingly the *Blockburger* rule, as affirmed in *Brown v. Ohio, supra*, is the appropriate test for determining whether Defendant's conviction on charges of forgery and possession of stolen mail constitutes a violation of the Double Jeopardy clause.

**5.** The pertinent portion of the direct examination of Defendant follows:

> Defense Counsel: Would you please explain why you know it was a Sunday if you can indeed remember?
> Defendant: Well, I know it was a Sunday because I was watching movies on television, me and my wife and my brother, and earlier that day I had told my wife to go to the bank and cash a personal check, and the banks were closed.
> Defense Counsel: Were you in need of money on that particular day?
> Defendant: Well, I was short of money that day, yes.
> Defense Counsel: Would you tell us if there is any particular reason why you needed money?
> Defendant: Well, at that time I had a drug habit, and I believe at that time that I was sending my wife to cash the check to get some money so I could what you call re-up, buy drugs.
> Defense Counsel: What kind of drugs, sir?

151. Defendant's responses indicated that he did, in fact, need money on the day of the crime, in order to buy heroin. Transcript, p. 151. On cross-examination of the Defendant, the Government was permitted, as a consequence of the direct-examination questioning (which, in the trial Court's opinion, "opened the door"), to delve even deeper into the Defendant's drug habits. *Id.* at 169–172. It appears to the Court that this line of defense questioning served to establish that Defendant had a motive for committing the crime, and further, to permit the Government to destroy Defendant's credibility.

█ In the Sixth Circuit, the standard for determining whether Defendant received the effective assistance of counsel is whether defense counsel rendered reasonably effective assistance of counsel. *Beasley v. United States*, 491 F.2d 687 (6th Cir.1974). In *Beasley*, the Sixth Circuit stated that:

> Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest.
>
> .     .     .     .     .
>
> Defense strategy and tactics which lawyers of ordinary training and skill in the criminal law would not consider competent deny a criminal defendant the effective assistance of counsel, if some other action would have better protected a defendant and was reasonably foreseeable as such before a trial. If, however, action that appears erroneous from hindsight was taken for reasons that would appear sound to a competent criminal attorney, the assistance of counsel has not been constitutionally defective.

*Id.* at 696. Thus, in the instant case, the question presented is whether the above stated questioning of Defendant was an action "taken for reasons that would appear sound to a competent criminal attorney." *Id.*

In order to resolve this question, the Court finds that the Government must expand the record on this matter, pursuant to 28 U.S.C. § 2255, Rule 7.[6] The Government is ordered to submit to this Court on or before Monday, May 23, 1983, any materials, preferably affidavits, relevant to the determination of whether the above stated defense questioning was undertaken for sound strategic or tactical reasons not immediately apparent from the face of the record. An affidavit from defense counsel would obviously be the most persuasive material. Upon receipt of said material, the Court will proceed to make a determination on the merits of this claim.

### III. *Conclusion*

In summary, the Court finds that, on preliminary consideration, the first four of Defendant's five claims are without merit. Those claims are therefore dismissed. Defendant's fifth claim, that he was denied the effective assistance of counsel, requires further consideration. The Government is therefore ordered to expand the record on matters pertinent to that claim on or before May 23, 1983. Upon receipt of the expanded record, the Court will proceed to make a

---

Defendant: Heroin.

**6.** Rule 7 reads as follows:

Rule 7. Expansion of Record.

(a) Direction for Expansion. If the motion is not dismissed summarily, the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion.

(b) Material to be added. The expanded record may include, without limitation, letters predating the filing of the motion in district court, documents, exhibits, and answers under oath, if so directed, to written interrogatories propounded by the judge. Affidavits may be submitted and considered as a part of the record.

(c) Submission to opposing party. In any case in which an expanded record is directed, copies of the letters, documents, exhibits, and affidavits proposed to be included shall be submitted to the party again whom they are to be offered, and he shall be afforded an opportunity to admit or deny their correctness.

(d) Authentication. The Court may require the authentication of any materials under subdivision (b) or (c).

final determination on Defendant's fifth claim for relief.