14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dwayne E. HEAD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3529.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 Before KEITH and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Dwayne Head, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Head was named in four counts of a six count indictment charging Head with two counts of possessing and distributing a cocaine base, one count of distributing a cocaine base, and one count of maintaining a place to distribute a controlled substance. Pursuant to a plea agreement, Head agreed to plead guilty to count three of the indictment and was sentenced to serve 235 months of imprisonment. Head's plea and sentence were ultimately affirmed on direct appeal.
 
 
 3
 Head's motion to vacate alleged a denial of counsel, ineffective assistance of counsel, prosecutorial misconduct, a breach of the plea agreement, and improper enhancement of his sentence under the Sentencing Guidelines. The government responded, and the district court issued an opinion and order denying Head relief.
 
 
 4
 On appeal, Head argues that the district court improperly enhanced his sentence, that he was denied the right to counsel, that he received ineffective assistance of counsel, and that the district court committed error by not enforcing the plea agreement.
 
 
 5
 To obtain relief under Sec. 2255, a petitioner must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Further, to obtain relief under Sec. 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). Where a petitioner has had a fair opportunity to raise a claim on appeal, a petitioner must show both "cause" excusing his failure to raise his claim on direct appeal and "actual prejudice" resulting from the alleged error. Id. at 164, 167. A claim of ineffective assistance of counsel, however, is a claim that may be raised in a motion to vacate even though the claim is not raised on direct appeal. United States v. Markarian, 967 F.2d 1098, 1105 (6th Cir.1992), cert. denied, 113 S.Ct. 1344 (1993).
 
 
 6
 To prevail on an ineffective assistance of counsel claim, the petitioner must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A strong presumption exists that counsel's performance fell within the wide range of reasonable professional assistance. Id. at 689. In the guilty plea context, a petitioner must show not only that his counsel's representation fell below an objective standard of reasonableness; he must also show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Upon review of Head's claim, we are satisfied that Head suffered no prejudice from the errors about which he complains.
 
 
 7
 As to the remainder of Head's claims, he showed neither cause nor prejudice excusing his failure to assert these claims on direct appeal. Therefore, pursuant to Frady, they were properly denied. Moreover, Head's claims of breach of the plea agreement and of improper sentence enhancement were raised and decided adversely to Head on direct appeal. Therefore, it was not error for the district court to refuse relief. See Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 8
 Accordingly, the order of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.