70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Paul DUNN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1161.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: MERRITT, Chief Judge; DAUGHTREY and OAKES,* Circuit Judges.
 
 ORDER
 
 2
 John Paul Dunn appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Dunn pleaded guilty to conspiracy to distribute cocaine and to manufacture and distribute marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and 846 and the district court sentenced Dunn to 60 months of imprisonment. On direct appeal, this court affirmed Dunn's conviction and sentence. United States v. Perkins, Case Nos. 92-1227, etc. (6th Cir. Sept. 9, 1993) (unpublished per curiam), cert. denied, 114 S.Ct. 1549 (1994).
 
 
 4
 Dunn filed a motion to vacate sentence, alleging that the district court relied on improper drug quantities in determining his relevant conduct under the Sentencing Guidelines and that he received ineffective assistance of counsel. The district court determined that his claims were without merit and denied the motion. Dunn has filed a timely appeal, in which he requests release on bond pending appeal.
 
 
 5
 The district court properly denied Dunn's motion to vacate sentence. In order to obtain habeas relief under Sec. 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). In order to obtain relief under Sec. 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 6
 Initially, we note that Dunn has waived consideration of his issue concerning the calculation of his drug quantities under the Sentencing Guidelines because he did not raise this issue in his direct criminal appeal. Before he may obtain collateral review of this issue, he must show cause to excuse his failure to previously raise the issue and actual prejudice resulting from the alleged violation. Reed, 114 S.Ct. at 2300. Dunn asserts that cause exists because his counsel did not raise this issue in his direct appeal. Even if it is assumed that Dunn has established cause, he has not established prejudice because, as noted below, his claim is without merit.
 
 
 7
 The district court properly calculated the drug quantities used in determining Dunn's relevant conduct under the Sentencing Guidelines. Dunn stipulated to these quantities at sentencing. Further, Dunn did not receive the ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). We will not consider Dunn's arguments that his conviction violated his double jeopardy rights and was the result of prosecutorial misconduct because he did not raise these claims in the first instance in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Lastly, Dunn previously raised in his direct criminal appeal his arguments that the district court applied an improper conversion ratio for marijuana plants and that the court should have given him a downward departure to conform with his co-defendants' sentences. As no highly exceptional circumstances are present, Dunn may not use his motion to relitigate issues that were raised and considered on appeal. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit. Dunn's request for release on bond pending appeal is denied as moot.
 
 
 
 *
 The Honorable James L. Oakes, Circuit Judge, United States Court of Appeals for Second Circuit, sitting by designation