16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlton R. LOGAN, Defendant-Appellant.
 No. 93-3569.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals his enhanced sentence, imposed pursuant to the Armed Career Criminal Act, after he entered a plea of guilty to the charge that he was a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1).
 
 
 2
 The indictment to which he entered his plea charged that defendant "did knowingly possess a firearm, ... after previously having been convicted in the Cuyahoga County Court of Common Pleas of Robbery, in violation of Ohio Revised Code Section 2911.02, on November 7, 1979, in Case Number CR39465."
 
 
 3
 The indictment went on to list the previous convictions which the government contended were the three violent felonies that warranted the sentence enhancement under 18 U.S.C. Sec. 924(e)(1). When defendant pleaded guilty he reserved the right to raise at sentencing his contention that the 1979 robbery conviction was not a violent felony. The district court ultimately rejected that contention and enhanced his sentence.
 
 The sentence enhancement statute provides:
 
 4
 In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony ... committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....
 
 
 5
 18 U.S.C. Sec. 924(e)(1).
 
 The term "violent felony" is then defined:
 
 6
 (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, ... that--
 
 
 7
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
 
 
 8
 (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....
 
 
 9
 18 U.S.C. Sec. 924(e)(2)(B).
 
 
 10
 Section 2911.02 of the Ohio Revised Code provides:
 
 
 11
 (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another.
 
 
 12
 (B) Whoever violates this section is guilty of robbery, an aggravated felony of the second degree.
 
 
 13
 Ohio Rev.Code Ann. Sec. 2911.02 (Anderson 1993).
 
 
 14
 Defendant contends on appeal, as he did before the sentencing court, that he was convicted of "attempted robbery" and cites Ohio Revised Code Sec. 2923.02(A). That section defines the separate crime of "attempt to commit an offense" and plays no part in this case. See Ohio Rev.Code Ann. Sec. 2923.02 (Anderson 1993) & Committee Comment to H.511, reprinted therein. It is clear from the record that defendant was indicted under Ohio Revised Code Sec. 2911.02, his plea of guilty was to the crime of robbery defined under that section, and his conviction was under that section.
 
 
 15
 Perhaps some confusion arose because Ohio Revised Code Sec. 2911.02 includes attempt as a possible predicate element. Under that section, a person commits robbery when he either attempts a theft offense or actually commits a theft offense, so long as he uses or threatens the immediate use of force against another. Manifestly, Ohio Revised Code Sec. 2911.02 conforms to the definition in 18 U.S.C. Sec. 924(e)(2)(B) of a "violent felony," since it "has as an element the use ... or threatened use of physical force against the person of another," or "involves conduct that presents a serious potential risk of physical injury to another."
 
 
 16
 Accordingly, the district court did not err in enhancing defendant's sentence pursuant to 18 U.S.C. Sec. 924(e)(1).
 
 
 17
 Upon our review of the record, defendant's second contention, that the district court failed to comply with Federal Rule of Criminal Procedure 32, is not well-taken.
 
 
 18
 For the reasons stated, defendant's sentence is affirmed.