73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carlton R. LOGAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3550.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1995.
 
 1
 Before: SILER and MOORE, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Carlton R. Logan pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). The district court sentenced Logan to the mandatory statutory minimum of 180 months in prison pursuant to the Armed Career Criminal Act. 18 U.S.C. Sec. 924(e). This court affirmed the conviction and sentence. United States v. Logan, 16 F.3d 1222, 1994 WL 49587 (6th Cir.) (per curiam), cert. denied, 114 S.Ct. 2721 (1994).
 
 
 4
 In his motion to vacate sentence, Logan claimed that: 1) his guilty plea was involuntary; 2) he received ineffective assistance of counsel; and 3) his sentence was based on erroneous information. The district court denied Logan's motion to vacate sentence. Logan appeals that judgment.
 
 
 5
 Upon review, we conclude that the district court properly denied Logan's motion to vacate sentence. In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Rule 11); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (only extraordinary circumstances warrant review of sentence guideline violation). In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 6
 Logan's first claim is barred because it was not raised on direct appeal. The court does not review such claims unless a petitioner shows cause and prejudice for his failure to raise the claims on direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). This is so because the failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Logan has not shown cause for his failure to raise his claim on direct appeal and none appears on the record. Even if one assumes cause, Logan was not prejudiced because his claim is meritless for the reasons set forth by the district court.
 
 
 7
 On the second claim, the record reveals that Logan received effective assistance of counsel. To establish ineffective assistance of counsel, Logan must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). In a guilty plea context, to establish prejudice Logan must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In this case, counsel's performance was not in any way deficient. Thus, Logan cannot establish the first prong of the Strickland analysis and the prejudice prong need not be considered.
 
 
 8
 Logan's third claim is meritless. He argues that the presentence investigation report contained incorrect information, and the district court relied on this incorrect information in sentencing him. Logan alleges that in 1979, he pleaded guilty to theft, which is a non-violent felony, instead of attempted robbery, which is a violent felony for the purpose of the Act. 18 U.S.C. Sec. 924(e)(2)(B). A Sec. 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). On direct appeal, a panel of this court expressly held that Logan's contention that the district court failed to comply with Fed.R.Crim.P. 32 was not well taken. No exceptional circumstances warranting review exist in this case.
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum and order dated April 20, 1995.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation