Clarence STEPHAN, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

Bernard MARCHESANI, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

Nos. 73–1959 and 73–1960.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 14, 1974.

Decided April 26, 1974.

Towner, Rosein, York & McNamara by Fred A. York, Mount Clemens, Mich., on brief, for petitioners-appellants.

Ralph B. Guy, U. S. Atty., Detroit, Mich., Shirley Baccus-Lobel, Reuben H. Wallace, Attys., U. S. Dept. of Justice, Washington, D. C., on brief, for respondent-appellee.

Before PHILLIPS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

These are consolidated appeals from a denial of motions to vacate judgment and sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellants, Marchesani and Stephan, were convicted at a jury trial of conspiracy to use extortionate means in attempting to collect an extension of credit in violation of 18 U.S.C. § 894. Marchesani was also convicted of the substantive offense. These convictions were affirmed in all respects in a decision reported at 457 F.2d 1291 (6th Cir. 1972).

These appeals raise the following issues: 1) Is 18 U.S.C. § 891 et seq. an unconstitutional exercise of the commerce and bankruptcy powers? 2) Were appellants denied their Fourth, Fifth and Sixth Amendment rights

when a federal agent was allowed to testify as to the contents of a telephone conversation he overheard between a Government informer and Marchesani, when the agent had the informer's permission to listen? 3) Were certain of appellants' claims litigated on direct appeal, and, if so, was it proper to deny relief for that reason?

■■ The legislative history of 18 U.S.C. § 891 et seq. indicates that the statute was enacted as an exercise of Congress' powers over commerce and bankruptcy. 1968 U.S.Code Cong. & Admin.News, pp. 2025–2026. Moreover, the legislative findings and the declaration of purpose explicitly state that the statute is an exercise of these powers. Consumer Credit Protection Act, Pub.L. No. 90–321, § 201(b). Appellants contend that the statute is an invalid exercise of these powers.

There can be no doubt that Congress can regulate intrastate activities under the Commerce Clause. Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971); United States v. Day, 476 F.2d 562 (6th Cir. 1973); Stevens v. United States, 440 F.2d 144 (6th Cir. 1971). In *Perez*, a case on all fours with the case at bar, the Supreme Court held that 18 U.S.C. § 891 et seq. was a valid expercise of the commerce power, even though it could be applied to purely intrastate activities.

We find it unnecessary to reach the alternative basis of the statute, i. e., the bankruptcy powers, except to note that appellants' contention was rejected in United States v. Fiore, 434 F.2d 966 (1st Cir. 1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1659, 29 L.Ed.2d 137 (1971), and United States v. Biancofiori, 422 F.2d 584 (7th Cir.), cert. denied, 398 U.S. 942, 90 S.Ct. 1857, 26 L. Ed.2d 277 (1970).

■ We next consider appellants' second argument wherein they contend that their Fourth, Fifth and Sixth Amendment rights were violated by the admission of testimony by a federal agent as to the contents of telephone conversations he overheard between a Government informer and appellant Marchesani. It is undisputed that the agent listened to conversations with the informer's permission. It is well settled that the admission of such testimony is proper. United States v. White, 401 U.S. 745, 748–753, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); On Lee v. United States, 343 U.S. 747, 751, 72 S.Ct. 967, 96 L.Ed. 1270 (1952); United States v. Black, 472 F.2d 130 (6th Cir. 1972), cert. denied Leach v. United States, 411 U.S. 969, 93 S.Ct. 2161, 36 L.Ed.2d 691 (1973); United States v. Hoffa, 437 F. 2d 11 (6th Cir.), cert. denied, 402 U.S. 988, 91 S.Ct. 1664, 29 L.Ed.2d 154 (1971).

■ Finally, appellants contend that it was error for the District Court to deny relief as to certain grounds because they had been litigated on direct appeal from the conviction. It is clear from appellants' brief that their real argument is that the "precise" issues presented in their § 2255 motions were not litigated on direct appeal. Other than the bare conclusion that the issues are "sufficiently distinguished for the *habeas purpose* asserted here," appellants have offered no additional argument.

District Judge Charles W. Joiner characterized these issues as being "reworded" and refused to afford relief because they had been decided on direct appeal. These issues dealt with the retroactive application of 18 U.S.C. § 894 and the Ex Post Facto Clause, the contention that 18 U.S.C. § 894 denied appellants their right of confrontation by allowing hearsay evidence, and the admission of hearsay, opinion testimony and testimony about alleged state crimes to show intent, motive and fear of the victim.

In Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 1074, 22 L.Ed.2d 227 (1969), the Supreme Court, while recognizing that new issues could, under the proper circumstances be raised in a motion under § 2255, also made it plain that relief could be denied "where the trial or appellate court has had a 'say' on a federal prisoner's claim." 394 U.S.

at 227 n. 8, 89 S.Ct. at 1074. We hold that, on the basis of the motions, files and records, it was not error for the District Court to deny relief. These issues presented by appellants were decided on direct appeal. Jordan v. Richardson, 443 F.2d 32 (9th Cir. 1971); Blackwell v. United States, 429 F.2d 514, 516 (5th Cir. 1970); Konigsberg v. United States, 418 F.2d 1270, 1273 (3rd Cir. 1969), cert. denied, 398 U.S. 904, 90 S. Ct. 1693, 26 L.Ed.2d 63 (1970); Van Buskirk v. United States, 343 F.2d 158 (6th Cir. 1965).

Affirmed. No costs are taxed.