872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Delbert STEVENS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-6116.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se federal prisoner appeals from the denial of his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. Mr. Stevens was convicted of possession of a firearm by a felon, and was given an enhanced sentence of ten years as a special dangerous offender pursuant to 18 U.S.C. Sec. 3575. His conviction was affirmed on direct appeal by this court.
 
 
 3
 On appeal of the dismissal of his motion to vacate, Mr. Stevens argues that his conviction violated the prohibition against double jeopardy, that he received ineffective assistance of counsel, that his sentence amounts to cruel and unusual punishment, and that the district court erred in denying him an evidentiary hearing.
 
 
 4
 Upon review, we conclude that the record in this case conclusively shows petitioner is not entitled to the relief requested. Therefore the district court did not err in failing to hold a hearing on this motion. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). It is well established that the double jeopardy prohibition does not prevent federal prosecution for the same conduct which generates state charges. See United States v. Wheeler, 435 U.S. 313, 316-17 (1978). Petitioner is not entitled to relief based on his ineffective assistance claim, as he has not established either deficient performance by his counsel or prejudice to his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Finally, the issue of an alleged disproportionate sentence was raised and determined adversely to petitioner on direct appeal, and is now barred. See Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974), cert. denied, 423 U.S. 861 (1975).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.