933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl SUTTON, Jr, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-4024.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Carl Sutton, Jr., a federal prisoner, appeals the district court's order dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination pursuant to Fed.R.App.P. 34(a), this panel unanimously agrees that oral argument is not necessary.
 
 
 2
 In August 1987, Sutton was convicted of one count of conspiracy to distribute and possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846, for which he received a twenty year sentence, and one count of attempted distribution of cocaine in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(ii), for which he received a twenty year consecutive sentence. Sutton filed his Sec. 2255 motion following an unsuccessful direct appeal, see United States v. Ramos, 861 F.2d 461 (6th Cir.1988), cert. denied, 489 U.S. 1071 and 490 U.S. 1011 (1989), and an unsuccessful pro se motion to correct sentence pursuant to Fed.R.Crim.P. 35. He asserted that he was denied his rights under the fifth amendment to the Constitution when he was required to stand trial based upon a grand jury indictment procured through the use of false testimony. Specifically, he asserts that the DEA agent perjured himself when he testified concerning Sutton's arrest and that of his codefendant, stating that a metal spatula tainted with traces of cocaine was seized from Sutton's co-defendant at the time of their arrest. Subsequent to the grand jury testimony but prior to the commencement of Sutton's trial, scientific tests performed on the spatula showed no traces of cocaine. Sutton asserts that based upon the results of the scientific tests, the United States Attorney should have withdrawn the indictment against him and sought a new grand jury indictment.
 
 
 3
 The matter was referred to a magistrate who recommended that the Sec. 2255 motion be dismissed as a successive petition, because Sutton had raised the issue in his unsuccessful direct appeal. After de novo review in light of Sutton's timely objections, the district court adopted the magistrate's report and recommendation and dismissed the case. Sutton has filed a timely appeal, asserting that the district court erred in dismissing his Sec. 2255 motion as successive. In addition, Sutton's counsel has filed a motion requesting oral argument before this court.
 
 
 4
 Upon review, we conclude that Sutton's Sec. 2255 motion was properly dismissed as a successive petition. See Sanders v. United States, 373 U.S. 1, 15 (1963); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 5
 Accordingly, the motion for oral argument is hereby denied and the district court's judgment is affirmed for the reasons stated in the magistrate's report and recommendation filed October 2, 1990, as adopted by the district court in its order filed October 31, 1990. Rule 9(b)(3), Rules of the Sixth Circuit.