956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PRAYSO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3815.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 John Prayso was the former Fire Chief for the City of Steubenville, Ohio. In September 1986, he was convicted on one count of conspiracy to obstruct interstate commerce and one count of the substantive offense of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. On appeal, the convictions were reversed and the case was remanded for a new trial. United States v. Prayso, No. 86-3942 (6th Cir. Sept. 30, 1987). The second trial also resulted in convictions. On direct appeal, the conviction for conspiracy was affirmed and the conviction for the substantive offense was vacated. United States v. DiCarlantonio, 870 F.2d 1058 (6th Cir.), cert. denied, 110 S.Ct. 323 (1989).
 
 
 3
 Prayso filed a motion to vacate, set side or correct sentence. He claimed (1) that the trial evidence constructively amended the indictment in violation of the Fifth Amendment, (2) that he was deprived an instruction on the defense of entrapment, (3) that the evidence was insufficient to support the conviction for conspiracy, and (4) that the district court failed to consider mitigating factors prior to sentencing. Additionally, Prayso claimed that retrial violated the prohibition against double jeopardy.
 
 
 4
 Upon review, we conclude that the motion to vacate was properly denied. Prayso did not demonstrate that he was entitled to collateral review of issues raised on direct appeal. See Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). Additionally, he did not establish exceptional circumstances which would require either reversal or the retroactive application of Mathews v. United States, 485 U.S. 58 (1988). See United States v. Hatchett, 918 F.2d 631, 643 (6th Cir.1990), cert. denied, 111 S.Ct. 2839 (1991). Finally, Prayso's argument that retrial violated the Fifth Amendment is contrary to law. The Fifth Amendment does not bar retrial where a conviction is set aside for a procedural error. Burks v. United States, 437 U.S. 1, 14-15 (1978).
 
 
 5
 Accordingly, the request for appointment of counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.