959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy ANDERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2298.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Roy Anderson appeals from the district court's order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 5, 1988, Anderson was convicted by a jury on thirty-seven counts of making false claims against the government, in violation of 18 U.S.C. § 287. The trial judge sentenced Anderson to five years imprisonment on each count, to run concurrently, and ordered him to pay $20,506.62 in restitution. This court affirmed both the conviction and the order of restitution in United States v. Anderson, 895 F.2d 1414 (6th Cir.) (unpublished opinion), cert. denied, 111 S.Ct. 527 (1990).
 
 
 3
 In support of his motion to vacate sentence, Anderson alleged the following:
 
 
 4
 1.) The trial court did not have jurisdiction over the criminal matter;
 
 
 5
 2.) His conviction was obtained by a violation of the protection against double jeopardy;
 
 
 6
 3.) He was the victim of selective prosecution;
 
 
 7
 4.) His conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure;
 
 
 8
 5.) His conviction was obtained by the use of inadmissible evidence;
 
 
 9
 6.) The indictment was insufficient in that it did not meet the standards of Fed.R.Crim.P. 7(c) and 52(a);
 
 
 10
 7.) He was denied discovery and exculpatory material;
 
 
 11
 8.) His conviction was obtained by the use of inadmissible expert testimony;
 
 
 12
 9.) His privilege against self-incrimination was violated when he was compelled to give additional handwriting exemplars;
 
 
 13
 10.) The trial court denied him due process when it denied his motion for judgment of acquittal on 22 of the 37 counts in the indictment;
 
 
 14
 11.) Insufficient evidence to convict;
 
 
 15
 12.) Jury tampering;
 
 13.) Denial of a speedy trial; and
 
 16
 14.) The restitution ordered by the trial court was without merit.
 
 
 17
 The district court denied the motion without opinion. Anderson reasserts his claims on appeal. He further argues that his five year sentence is cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 18
 Upon review, we affirm the district court's order because Anderson may not use a § 2255 motion to vacate sentence to relitigate issues considered on direct appeal. See Stephan v. United States, 496 F.2d 527, 528 (6th Cir.1974), cert. denied, 423 U.S. 861 (1975). Anderson was permitted to file his own brief when his case was on direct appeal. In that brief, Anderson raised virtually the same arguments that he asserted in his § 2255 motion. Although the labels on some of the arguments have changed, Anderson's underlying theories of error are the same. In Kaufman v. United States, 394 U.S. 217 (1969), the Supreme Court, while recognizing that new issues could, under proper circumstances, be raised in a motion under § 2255, also made it plain that relief could be denied "where the trial or appellate court has had a 'say' on a federal prisoner's claim." 394 U.S. at 227 n. 8. On the basis of the motion, it was not error for the district court to deny relief. The issues Anderson presents were considered and decided on direct appeal.
 
 
 19
 Additionally, Anderson argues that his five year sentence is cruel and unusual punishment in violation of the Eighth Amendment. He attached newspaper articles about three other persons whom he claims were no less culpable than he, but received shorter sentences. Constitutional claims are not to be considered on collateral attack unless the petitioner can demonstrate cause for not having appealed the alleged error and prejudice resulting from it. See United States v. Frady, 456 U.S. 152, 167 (1982). In this case, Anderson waived his Eighth Amendment claim by failing to pursue it on direct appeal. The judgment against him is now final, and he must therefore show both "cause and prejudice" to obtain relief in this collateral attack upon it. Nowhere does Anderson purport to explain why the issue was not raised on direct appeal. The record is simply empty in this area. Anderson has not shown the cause required to allow a collateral attack, and consideration of this claim is therefore barred by the decision in Frady.
 
 
 20
 For the foregoing reasons, the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.