12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sheddrick HARRIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5262.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 W.D. Tenn., No. 92-03064, Gibbons, J.
 W.D.Tenn.
 AFFIRMED.
 Before KENNEDY, MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. In 1990, Sheddrick Harris was convicted after a jury trial of a series of four related offenses that had, at their core, the attempted murder of a federal informant and the rape of his wife. The conviction and sentence were affirmed on direct appeal. United States v. Harris, Nos. 90-6344/6345/6349 (6th Cir. Aug. 27, 1991) (per curiam) (unpublished), cert. denied, 112 S.Ct. 347 (1991), and 112 S.Ct. 942 (1992).
 
 
 3
 In 1993, Harris filed a Sec. 2255 motion to vacate in which he challenged the constitutionality of the conviction and sentence. The district court denied the motion without requiring a response from the government and this appeal followed. The parties have briefed the issues; Harris is proceeding without benefit of counsel.
 
 
 4
 Harris raises two basic claims in his motion to vacate, namely, ineffective assistance of trial counsel and the illegality of his guideline sentence. Examination of the record and law supports the district court's conclusion that Harris has failed to show a fundamental defect in the underlying proceedings that inherently resulted in a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 The relevant facts are as follows: Movant Sheddrick Harris and his brother Silkey were convicted of crimes relating to an attack on a man named Ray Madison and his wife. This attack, having various elements of rape, kidnapping and attempted murder, was apparently in retaliation for Madison having previously informed police as to the whereabouts of Silkey Harris. During the course of Sheddrick Harris's trial, Madison's wife testified that the movant had raped her as a part of the underlying retaliatory action. Harris was ultimately found guilty of all counts and was sentenced to a 240 month term of imprisonment.
 
 
 6
 Harris's attack on the underlying conviction takes the form of an ineffective assistance of counsel claim. Harris specifically contends that his trial counsel should have attempted to secure physical evidence of the rape (samples of blood, vaginal fluid and pubic hair) and then submit them to laboratory analysis which would conclusively prove he did not rape Mrs. Madison. The district court rejected this claim as being patently without merit.
 
 
 7
 The district court's characterization of this claim finds ample support in the record and law. One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96 (1984).
 
 
 8
 The underlying count involving the injury to Mrs. Madison was filed under 18 U.S.C. Sec. 1513, causing bodily injury to the wife of a federal informant with intent to retaliate. It is plain that the prosecution did not need to prove all the elements of a typical rape prosecution to convict Harris under 18 U.S.C. Sec. 1513. The uncontradicted and unassailed account of Mrs. Madison having being assaulted, bound and gagged would constitute sufficient evidence to convict under this statute. In addition, the district court would appear entirely correct in the observation that this claim is highly speculative; that is, it is at least as likely that Harris's trial counsel did not want to place the physical evidence of the assault before the jury for fear of further damaging Harris's defense. As this claim falls well short of meeting the Strickland test, the district court's summary dismissal of it was proper. Rule 4, Rules Governing Sec. 2255 Proceedings.
 
 
 9
 The remaining claim is that the sentencing court erred when it effected an upward departure without first considering the next higher offense level. Harris questioned the propriety of his departure sentence on direct appeal. The panel addressed his concerns and held, in part, that the district court's departures were fully justified. An issue that has been decided on appeal may not thereafter be relitigated. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.