12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eules MAYES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5543.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1993.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This is an appeal from an order denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. In 1990, Eules Mayes was convicted after a jury trial of two counts: aiding and abetting in the possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and aiding and abetting in the use of a person under 18 years of age to distribute cocaine base, in violation of 21 U.S.C. Sec. 845b (now 21 U.S.C. Sec. 861(a)(1)) and 18 U.S.C. Sec. 2. Mayes received an aggregate sentence of 105 months. The conviction and sentence were affirmed on direct appeal. United States v. Donely, Nos. 91-5016/17 (6th Cir. Nov. 4, 1991) (per curiam) (unpublished). In 1993, Mayes filed a motion to vacate in which he contends that his current sentence should be recalculated. The district court summarily rejected Mayes's claim without requiring a response from the government. This appeal followed. The parties have briefed the issues; Mayes is proceeding without counsel.
 
 
 4
 Mayes's motion to vacate is premised on a claim that the length of his sentence, as presently calculated, amounts to an ex post facto punishment. Examination of the record and law reveal the meritless nature of this contention.
 
 
 5
 The relevant facts are as follows: Mayes was convicted for his part in a controlled drug transaction. Mayes initially approached an undercover officer, and with others, later participated in the sale of .2 grams of cocaine base to the officer. The police eventually discovered 18.6 grams of cocaine base in the apartment of one of Mayes's fellow perpetrators. The district court calculated Mayes's sentence with reference to the total amount of drugs found in the apartment, instead of the drugs actually sold by Mayes to the officer, pursuant to U.S.S.G. Sec. 1B1.3(a)(1), the relevant conduct guideline.
 
 
 6
 Mayes's motion to vacate is based on a dual premise. It is initially clear Mayes is arguing that, under any construction of the guidelines, he should only have been sentenced based on the .2 grams of cocaine base sold to the undercover officer. In addition, Mayes contends that a post-conviction amendment to the relevant conduct portion of the guidelines means his sentence must be recalculated or stand in violation of constitutional ex post facto prohibitions.
 
 
 7
 Neither of Mayes's claims finds support in law. Mayes raised the same "excessive drug quantity" issue on direct appeal. The panel unequivocally considered the claim and rejected it as being an incorrect interpretation of U.S.S.G. Sec. 1B1.3. An issue that has been decided on appeal may not thereafter be relitigated on a second appeal. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). This aspect of Mayes's motion is plainly frivolous.
 
 
 8
 Mayes's ex post facto argument is also of no moment. Mayes specifically claims that an amendment of U.S.S.G. Sec. 1B1.3, effective November 1, 1992, mandates that the 18.6 grams of cocaine seized would not be attributable to him even though the indictment was broadly worded to include these drugs. He thus concludes that he is entitled to a recalculation of his sentence to reflect the lesser quantity of drugs.
 
 
 9
 This claim lacks merit whether the motion is construed as a motion to vacate sentence filed under 28 U.S.C. Sec. 2255 or as a motion for sentence reduction filed under 18 U.S.C. Sec. 3582. Generally, a district court is to apply the version of the sentencing guidelines in effect at the time of sentencing. 18 U.S.C. Sec. 3553(a)(1); United States v. Nagi, 947 F.2d 211, 213 n. 1 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). The exception to this rule is generated by ex post facto concerns. It mandates that when the application of the guidelines at time of sentencing would result in a higher range than those in effect at the date of the commission of the crime, the older guidelines apply. United States v. Holmes, 975 F.2d 275, 278 (6th Cir.1992), cert. denied, 113 S.Ct. 1322 (1993). The exception does not speak to post-conviction and post-appeal changes in the guidelines and no authority has been cited or located in support of the movant's interpretation. Thus, Mayes's sentence cannot be said to be marked by a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or a violation of due process, United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam), such that section 2255 relief would lie.
 
 
 10
 Finally, 18 U.S.C. Sec. 3582(c) does permit a court to modify a term of imprisonment after sentencing in rare instances when the sentencing range has been lowered, but only to the extent that the reduction is consistent with applicable guideline policy statements. U.S.S.G. Sec. 1B1.10(a) provides, however, that a section 3582(c) sentence reduction is not consistent with applicable guideline policy statements unless the reduction is based on the specific amendments listed in Sec. 1B1.10(d). The amendment at issue in Mayes's motion, Amendment 439, has not been included in Sec. 1B1.10(d). Mayes is therefore not entitled to relief under any construction of his motion.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, U.S. District Judge for the Northern District of Ohio, sitting by designation