81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Wayne HARDIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5551.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1996.
 
 Before: JONES, BOGGS and COLE, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jerry Wayne Hardin was tried by a jury and convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and pledging as security or disposing of a stolen firearm in violation of 18 U.S.C. § 922(j). The district court sentenced Hardin to 240 months in prison and a five-year term of supervised release. Hardin appealed, and this court affirmed the conviction but remanded for entry of a sentence in accordance with the maximum possible terms in the two statutes. United States v. Hardin, No. 92-6620, 1993 WL 460766 (6th Cir. Nov. 9, 1993), cert. denied, 114 S.Ct. 1323 (1994). Upon remand, the district court conducted a second sentencing hearing and resentenced Hardin to 240 months in prison. In his motion to vacate sentence, Hardin claimed that: 1) the government did not comply with the notice of enhancement provisions of 21 U.S.C. § 851; 2) the sentence is illegal because the predicate felony conviction did not render him infamous under Tennessee law, and thus he retained the right under federal law to possess a firearm; 3) the prosecutor made improper references in closing argument to Hardin's exercise of his right to testify at trial; and 4) counsel was ineffective for failing to interview and present defense witnesses. The district court denied Hardin's motion with respect to claims enumerated 1, 2, and 3. The district court, however, was not able to resolve Hardin's claim that his attorney rendered ineffective assistance. Therefore, the court appointed counsel to represent Hardin and scheduled an evidentiary hearing on the claim. At the conclusion of the hearing, the district court denied Hardin's § 2255 motion.
 
 
 3
 In his timely appeal, Hardin contends that: 1) he did not possess or constructively possess the firearm; 2) someone else should have been charged with any matters relating to the firearm (namely, Ronnie Noland); 3) counsel rendered ineffective assistance by failing to interview potential witnesses; 4) counsel rendered ineffective assistance by failing to have potential witnesses testify at trial; 5) the testimony of the potential witnesses would have shown that Ronnie Noland possessed and pawned the firearm; 6) Ronnie Noland was not investigated nor charged with any crime; and 7) Ronnie Noland acted alone and of his own free will in pawning the stolen firearm.
 
 
 4
 Initially, we note that Hardin has abandoned claims enumerated 1, 2, and 3. These claims were raised in the district court but not reasserted on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In addition, it should be noted that Hardin's arguments on appeal enumerated 1, 2, 5, 6, and 7 were not raised in Hardin's § 2255 motion and are not properly before this court, see White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990), and, moreover, they are arguments that go to Hardin's claim that he is innocent of the crimes for which he was convicted. A § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstance. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). This court has already considered the sufficiency of the evidence supporting Hardin's convictions, United States v. Hardin, No. 92-6620, 1993 WL 460766 (6th Cir. Nov. 9, 1993), cert. denied, 114 S.Ct. 1323 (1994), and no exceptional circumstances exist which would warrant review of the appellate issues enumerated 1, 2, 5, 6, and 7.
 
 
 5
 In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate).
 
 
 6
 Hardin's defense attorney did not render ineffective assistance of counsel. Hardin claims that his attorney's performance was constitutionally defective because counsel did not interview or present prospective defense witnesses. To establish ineffective assistance of counsel, Hardin must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). The reasonableness of counsel's performance is evaluated within the context of the circumstances at the time of the alleged errors, id. at 690, and there is a strong presumption that defense counsel's decisions are guided by sound trial strategy. Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988). Ultimately, the burden is on Hardin to show that his attorney's performance resulted in an actual breakdown of the adversarial process so as to deprive him of a fair proceeding. See United States v. Cronic, 466 U.S. 648, 657 (1984). Upon review, we conclude that Hardin has not overcome the presumption that his attorney's decision not to present three prospective witnesses was the result of something other than a reasonable strategy.
 
 
 7
 Moreover, Hardin was not prejudiced by defense counsel's decision not to call the prospective witnesses. Hardin contends that testimony from the witnesses would have strengthened his case. In order to establish the prejudice prong of the Strickland analysis, Hardin must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. A careful review of the record in this case clearly reveals that there is no probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.