Sergio GONZALES, Petitioner,

v.

UNITED STATES of America, Respondent.

Civil Action No. 96–40023.
Criminal Action No. 89–80520–01.

United States District Court,
E.D. Michigan,
Southern Division.

June 14, 1996.

Sergio Gonzales Milan, MI, Pro Se.

Michael J. Stern, Asst. U.S. Atty., Detroit, MI, for Respondent.

### ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

GADOLA, District Judge.

On August 8, 1989, petitioner Sergio Gonzales was charged in a four-count indictment. Count I charged the petitioner with conspiracy to possess with intent to distribute and to distribute cocaine, violating 21 U.S.C. § 846. Count II charged the petitioner with distribution of cocaine, violating 21 U.S.C. § 841(a)(1). In Count III the petitioner was charged with possession with intent to distribute cocaine, aiding and abetting, violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count IV of the indictment charged the petitioner with possession of cocaine, violating 21

U.S.C. § 841(a)(1). The petitioner pled not guilty to all Counts.

On January 4, 1990, before a bench trial, the petitioner was found guilty on Counts I, II, and IV of the indictment. On May 3, 1990, this court sentenced Gonzales to a term of imprisonment of 236 months.

The petitioner raised two issues on direct appeal. First he claimed that he was denied effective assistance of counsel. Petitioner also asserted that his sentence was incorrectly calculated and unduly harsh considering the evidence submitted at trial. On April 3, 1991, the Sixth Circuit affirmed the conviction. *United States v. Gonzales*, 929 F.2d 213 (6th Cir.1991).

On January 11, 1996, the petitioner filed the motion at bar for a writ of habeas corpus under 28 U.S.C. § 2255. For the reasons stated below, this court will deny the petitioner's motion.

## I. Lack of Possession

■ The petitioner asserts that the government never proved that he had actual or constructive possession of any narcotics. Constructive possession occurs when a person "exercises, or has the power to exercise, dominion and control over the item." *United States v. Zandi*, 769 F.2d 229, 234 (4th Cir. 1985). Since the petitioner did not raise this argument prior to this motion, he is obligated to show that he had good cause for not raising the issue previously, and that not having the issue reviewed would be prejudicial. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). The petitioner has neglected to provide any arguments to satisfy this requirement. Consequently, the petitioner's argument must fail on a procedural basis alone. Even if this court were to ignore the procedural defect, the petitioner's argument cannot succeed.

■ Petitioner maintains that he never had the actual or constructive possession of a controlled substance necessary for a conviction under 21 U.S.C. § 841(a). The evidence presented at trial clearly shows that the petitioner had the requisite possession of a controlled substance.

The Drug Enforcement Agency (DEA) arranged a sale between a government informant and the petitioner for $600 worth of cocaine. DEA agents searched the informant before the meeting to ensure he was not carrying any controlled substances and gave the informant $600 to complete the transaction. When the informant returned from the sale with the petitioner he was no longer in possession of the money and was carrying a plastic bag containing cocaine. This evidence clearly indicates that the petitioner had access to and control over a narcotic substance.

The DEA then used the informant to arrange a sale between the informant and the petitioner for 500 grams of cocaine. The petitioner returned to his residence shortly after the discussion with the informant. Upon leaving his house, agents of the DEA observed the petitioner carrying a small paper bag that was later found to contain 304.9 grams of cocaine. At the time of the arrest, the paper bag was discarded by petitioner's co-defendant in an attempt to evade arrest. Petitioner relies on the fact that at the time of the arrest the bag was not in his possession.

■ Possession at the time of arrest is not necessary for a conviction. The crime of possession is complete when possession occurs. *United States v. Muench*, 694 F.2d 28 (2d Cir.1982). Therefore, when the agents observed the petitioner carrying the bag containing the drugs the crime was complete.

■ Determining whether the petitioner in fact possessed a controlled substance is a question of fact normally left for the jury to decide. Since this was a bench trial, the judge operates as the trier of fact. The judge, based on substantial evidence, concluded that the petitioner was guilty of possession of a controlled substance. The test to determine sufficiency of evidence on appeal is whether "... any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). It is

impossible for this court to conclude, based on the evidence presented, that the factual findings were not rational. Therefore, this court will not dispute the factual conclusions concerning possession.

## II. Insufficient Evidence to Prove Conspiracy

■ The petitioner next contends that there was insufficient evidence to prove that he was involved in a conspiracy. This argument fails on procedural grounds because the petitioner again has failed to show cause or prejudice. *Wainwright,* 433 U.S. 72, 97 S.Ct. 2497 (1977). The petitioner's argument also fails on substantive-grounds.

The test to determine sufficiency of evidence on appeal, discussed *supra* in Part I, focuses on the rationality of the trier of fact's conclusions. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789 (1979). Thus, to overturn a conviction on insufficiency of evidence, this court must hold that no trier of fact could find the evidence sufficient to prove guilt. This is a great hurdle for the petitioner to overcome.

■ In order to sustain a conviction for a drug conspiracy "... the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy." *United States v. Sanchez,* 928 F.2d 1450, 1457 (6th Cir.1991). It is not necessary for the government to prove that there was a formal agreement to conspire. Circumstantial evidence and reasonable inferences drawn from the evidence concerning the relationship of the parties and their conduct may serve as sufficient proof. *United States v. Kirk,* 584 F.2d 773, 776 (6th Cir. 1978). It is clear from the evidence shown at trial that petitioner was involved in a conspiracy with his co-defendant Leonel Fajardo.

■ After the petitioner emerged from his residence carrying the paper bag that was later found to contain 304.9 grams of cocaine, he drove to Fajardo's residence. Together the two men drove to the location where the sale of cocaine to the informant was to take place. After the informant failed to show up for the sale, the men drove back to Fajardo's house. Agents of the DEA followed them to Fajardo's residence. When the agents attempted to arrest both men, Fajardo attempted to flee carrying the paper bag that the agents had seen petitioner carrying earlier and was later found to contain 304.9 grams of cocaine. They arrested both men.

The conduct of the petitioner and his co-defendant, preceding the proposed sale of drugs to the informant, is sufficient evidence for a reasonable trier of fact to conclude that a conspiracy existed between two men.

## III. Reliance on Uncorroborated Evidence

The petitioner next contends that this court incorrectly relied on uncorroborated evidence that led to an upward departure in his sentence. The petitioner claims that the government relied on false DEA reports and fraudulent information from the government informant to determine the petitioner's level of participation in the conspiracy.

■ The petitioner fails to support his allegations of misrepresentation with any evidence. Simply stating that the DEA agents and the government informant were lying, without providing proof, does not give reason for this court to reconsider the issue. Findings of fact made by the trial court must stand unless they are found "... so clearly erroneous as to justify overturning the conviction." *United States v. Baydoun,* 984 F.2d 175, 179 (6th Cir.1993); *United States v. Jabara,* 644 F.2d 574, 577 (6th Cir.1981); *United States v. Atwell,* 570 F.2d 650, 652 (6th Cir.1978).

■ The Sixth Circuit affirmed the conviction of the petitioner on direct appeal stating that "[e]vidence introduced at Gonzales' trial supports the conclusion that Gonzales acted as 'an organizer, leader, manager, or supervisor' pursuant to [Sentencing] Guidelines § 3B1.1(c)." *Gonzales,* 929 F.2d at 217. Therefore, this court may also deny relief because the appellate court has already considered the issue on direct appeal and decided against the petitioner. *Stephan v. United States,* 496 F.2d 527, 528 (6th Cir.1974).

## IV. Sentence Based on Hearsay Evidence

The petitioner also argues that his sentence was based on hearsay statements made by the government's informant. Again, the petitioner failed to put forth any proof of these allegations. The Sixth Circuit considered the evidence adduced at trial to be sufficient to affirm the conviction of the petitioner, accordingly, this court need not reconsider the issue. *Id.*

## V. Disproportionately Harsh Sentence.

The petitioner's final argument is that his sentence was unduly harsh considering the gravity of his crime and the sentence given to his co-defendant. Petitioner claims that this court abused its discretion by meting out a sentence that was grossly disproportionate to that of his co-defendant. This court sentenced the petitioner to 236 months in prison, whereas this court sentenced his co-defendant to 87 months in prison.

The Sixth Circuit considered this issue on direct appeal and concluded that the sentence was not disproportionately harsh. The court considered the amount of cocaine that was to be sold, the petitioner's leadership role in the offense, and the petitioner's past criminal history.

The Sixth Circuit also applied a three-step analysis to evaluate the upward departure applied by this court to the petitioner's sentence. *Gonzales*, 929 F.2d 213, 217 (6th Cir.1991). The court concluded that the upward departure was warranted stating that "[the] departure can hardly be deemed unreasonable in light of Gonzales' crimes." *Id.*, at 219–20. This court need not reconsider an issue already decided by the Sixth Circuit on direct appeal. *Stephan*, 496 F.2d 527. Were this court to reconsider the issue, it would undoubtedly agree with the Sixth Circuit.

## Conclusion

This court is convinced that the petitioner's arguments are without merit and that the petitioner's motion should be denied. Any *in forma pauperis* appeal from this order would not be taken in good faith for purposes of 28 U.S.C. § 1915(a).

## ORDER

Therefore, it is hereby **ORDERED** that the petitioner's § 2255 motion be **DENIED**.

**SO ORDERED.**