89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald James DAVENPORT, Petitioner-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-1919.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: KEITH, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Donald James Davenport was convicted after a jury trial on three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), three counts of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371, and three counts of carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Davenport to 150 months in prison concurrent on the bank robbery counts, 60 months in prison concurrent on the conspiracy counts, and five years consecutive on the first firearm count, and 20 years consecutive on each of the two subsequent firearm counts. On appeal, this court affirmed Davenport's conviction and sentence. United States v. Hester, Nos. 92-1947 & 92-2022, 1994 WL 140672 (6th Cir. Apr. 15, 1994) (per curiam).
 
 
 3
 In his motion to vacate sentence, Davenport claimed that: 1) the government did not prove that the banks that he robbed were federally insured by the FDIC at the time of the robberies; 2) defense counsel was ineffective for conceding that the banks were federally insured at the time of the robberies; 3) the in-court identification of him by witness Jeanie Drake was "irregular"; 4) the court erred in refusing to give the jury a transcript of Orlando Davis's testimony; and 5) the district court violated his Sixth Amendment rights as defined in Bruton v. United States, 391 U.S. 123 (1968), by admitting the confession of co-defendant Clarence Hester into evidence. The district court denied Davenport's motion to vacate sentence. Davenport appeals that judgment.
 
 
 4
 In his timely appeal, Davenport reasserts his first claim that the government did not prove that the banks that he robbed were federally insured by the FDIC at the time of the robberies. Davenport does not reassert on appeal claims 2, 3, 4, and 5 as set forth in the district court. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 As for the only issue raised on appeal, this court has repeatedly held that the sufficiency of evidence to support a conviction may not be collaterally reviewed in a § 2255 proceeding. See, e.g., United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970). In addition, this claim was decided on direct appeal. An issue that has been decided on appeal may not thereafter be relitigated absent extraordinary circumstances which are not present here. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 6
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.