89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles William O'BRIEN, Defendant-Appellant.
 No. 95-4304.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: MERRITT, Chief Judge; KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Charles William O'Brien appeals a district court judgment denying his motion for a new trial filed under Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the district court in 1993, O'Brien was convicted of bank fraud, two counts of money laundering, and conspiracy to commit bank fraud and money laundering in violation of 18 U.S.C. §§ 2, 371, 1344 and 1956(a)(1)(B)(i). The district court sentenced O'Brien to 54 months of imprisonment followed by three years of supervised release, imposed a fine of $25,000, and ordered him to pay $250,000 restitution. O'Brien filed an initial Fed.R.Crim.P. 33 motion for a new trial by counsel, which the district court denied. O'Brien filed a timely notice of appeal taken from his judgment of conviction, and a panel of this court affirmed O'Brien's convictions on direct appeal. United States v. O'Brien, No. 94-3341, 1995 WL 325709 (6th Cir. May 30, 1995) (per curiam), cert. denied, 116 S.Ct. 733 (1996).
 
 
 3
 O'Brien filed the instant Fed.R.Crim.P. 33 motion for a new trial while his direct appeal was pending before this court alleging as grounds for relief that: (1) the government unlawfully seized materials needed for his defense prior to trial; and (2) the government suborned perjury at trial. Thereafter, O'Brien filed a motion in the district court to stay accumulation of interest, penalties and payments regarding his fine and restitution, which the district court granted by marginal entry. Next, the district court entered an order denying O'Brien's pending post-verdict motions. After O'Brien filed a timely notice of appeal, the district court entered an order clarifying that only the pending Fed.R.Crim.P. 33 motion was denied and that the order staying payment of O'Brien's fine and restitution was granted. On appeal, O'Brien reiterates the claims he asserted in the district court in both his Fed.R.Crim.P. 33 motion and in his motion to stay payment of his fine and restitution.
 
 
 4
 Generally, this court reviews the denial of a Fed.R.Crim.P. 33 motion only for an abuse of discretion. United States v. Hawkins, 969 F.2d 169, 175 (6th Cir.1992) (per curiam), cert. denied, 506 U.S. 1069 (1993); United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). Motions for a new trial based upon grounds other than newly discovered evidence must be brought within seven days of entry of the verdict. United States v. Koehler, 24 F.3d 867, 869 (6th Cir.1994), cert. denied, 115 S.Ct. 723 (1995). Here, defendant's motion for a new trial is congnizable only on the basis of newly discovered evidence because it was filed more than seven days after the verdict. However, motions for a new trial under Fed.R.Crim.P. 33 based upon newly discovered evidence are disfavored. Hawkins, 969 F.2d at 175 (citing United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987)). Defendant bears the burden of demonstrating the need for a new trial, and such motions will be granted only sparingly. Hawkins, 969 F.2d at 175; Seago, 930 F.2d at 488. A motion for a new trial based upon newly discovered evidence should be granted only where: (1) the new evidence was discovered after trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material; and (4) the evidence would likely produce an acquittal. Id. In this case, the district court did not abuse its discretion in denying defendant's motion.
 
 
 5
 First, defendant's contention that the government prior to trial illegally seized materials from him needed for his defense clearly was raised and rejected on direct appeal. O'Brien, 1995 WL 325709 at * 2-3. Obviously, this claim does not involve new evidence discovered after trial. Moreover, an issue considered and rejected on appeal cannot thereafter be asserted on subsequent appeal. See Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). Second, defendant's contention that the government suborned perjury at trial does not involve material evidence which could not have been discovered prior to trial that would likely produce an acquittal. Accordingly, the district court did not abuse its discretion in denying defendant's Fed.R.Crim.P. 33 motion on this ground.
 
 
 6
 Finally, to the extent that defendant appeals the denial of his motion to stay penalties, interest and payments of his fine and restitution, the appeal is without merit. As noted, the district court granted the motion by marginal entry before it entered judgment in this case. Insofar as the court mistakenly denied the motion by its judgment herein, the court rectified the error by subsequent order in which it noted that the motion was granted. Accordingly, defendant's remaining claim on appeal is meritless.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.