95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert Ladale SUGGS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6242.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1996.
 
 Before: KEITH, BOGGS, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Elbert Suggs was convicted after a jury trial of two counts of conspiracy to possess marijuana and cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and received an aggregate 121 month term of imprisonment. A panel of this court affirmed the conviction and sentence in all respects on direct appeal. United States v. Suggs, No. 93-5357, 1994 WL 6811 (6th Cir. Jan. 10, 1994) (per curiam), cert. denied, 114 S.Ct. 2164 (1994).
 
 
 3
 In 1995, Suggs filed a motion to vacate sentence through retained counsel in which he claimed that he received ineffective assistance of counsel and that he was innocent of the crime. The government responded and the district court eventually denied the motion without conducting an evidentiary hearing. This appeal followed. The parties have briefed the issues and have agreed to waive oral argument.
 
 
 4
 Counsel for Suggs advances the same two claims on appeal as appeared in the motion to vacate sentence. In addition, counsel questions the district court's decision to deny the motion without conducting an evidentiary hearing. This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255, and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993). As the record conclusively shows that Suggs was not entitled to relief, Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986), the district court's decision not to conduct an evidentiary hearing was not error.
 
 
 5
 In 1992, law enforcement agents were working with an informant in an undercover investigation of illegal drug distribution activity in Tennessee. These parties contacted a known drug dealer (Hitchcox) about a sale of marijuana and cocaine. Hitchcox brought in another party (Williams) who, apparently in the capacity of broker, named Suggs as a potential buyer. All parties subsequently met at a truck stop where Williams introduced Suggs and mentioned the proposed sale. Hitchcox, Williams and Suggs were arrested at this point in the discussion. Suggs was thereafter tried and convicted for his part in the scheme. The government's case consisted mainly of the testimony of agents, present and former drug dealers and several taped telephone conversations. Suggs did not testify in his behalf and affirmed in open court that the decision not to take the stand was his own.
 
 
 6
 The record and law completely support the district court's summary dismissal of Suggs's motion. Counsel for Suggs maintains that trial counsel's performance was deficient in a number of ways, from failing to investigate and utilize viable defenses and witnesses, to incorrectly advising Suggs not to take the stand. These elaborate assertions are generally based on layers of inferences and predictions as to evidentiary rulings and other testimony.
 
 
 7
 One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). One attacking his lawyer's trial tactics must overcome the presumption that, after all circumstances are considered, the challenged action could very well have been sound trial strategy. Id. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" Id. at 690.
 
 
 8
 "The defendant's attacks on his trial counsel's performance are guided by the perfect vision of hindsight and amount to an exercise in second-guessing trial strategy." United States v. Phillips, 914 F.2d 835, 840 (7th Cir.1990). In the present case, the record contains the affidavits of Suggs's trial counsel in which they set forth the reasoning behind their trial decisions. These decisions, in light of the entire record as it appears from the current pleadings and prior case history, are eminently defensible. This claim lacks merit.
 
 
 9
 Suggs's final contention, that he is actually innocent of the crimes charged, is yet another attempt to argue the sufficiency of the evidence claim that was decided against Suggs in the Sixth Circuit's decision on direct appeal. Issues raised and considered on direct appeal may not be relitigated absent extraordinary circumstances not presented here. See, e.g., Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 10
 Accordingly, the district court's judgment is affirmed.