108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor PENNELL, Defendant-Appellant.
 No. 96-1790.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 E.D.Mich., No. 92-20013.
 E.D.Mich. [Appealing after remand from 74 F.3d 1241].
 AFFIRMED.
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal sentencing decision after remand in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Victor Pennell was convicted after a jury trial of conspiracy to distribute LSD, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and distribution of LSD, in violation of 21 U.S.C. § 841(A)(1) and 18 U.S.C. § 2, and received a 180 month sentence. Pennell's conviction was affirmed on direct appeal but the cause was remanded to the district court for a finding as to the drug quantity for which Pennell should be held accountable. United States v. Virta, Nos. 92-2343/2443/2454/2471, 93-2453, 1994 WL 18023 (6th Cir. Jan. 21, 1994) (per curiam), cert. denied, 114 S.Ct. 1629 (1994).
 
 
 3
 On remand, the district court made the required findings and again sentenced Pennell to a 180 month term. The district court's decision was affirmed in all respects on appeal except for a clear mathematical error requiring a second remand. United States v. Virta, Nos. 94-1648/1661/1822/2256, 1996 WL 15614 (6th Cir. Jan. 16, 1996), cert. denied, 116 S.Ct. 1697 (1996).
 
 
 4
 The district court held another hearing on remand and sentenced Pennell to a 120 month term of incarceration. This appeal followed. Counsel for Pennell filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Pennell was served with this motion and a copy of the brief on October 1, 1996, but chose not to respond.
 
 
 5
 Pennell was convicted for his part in a large scale drug distribution scheme and was sentenced on the entire quantity of drugs (more than 1,600 unit doses of LSD or 10 grams) involved in the conspiracy. The first panel to hear the cause on appeal held that the district court failed to make the findings necessary to support the conclusion that Pennell was responsible for the entire amount of LSD over the course of the conspiracy.
 
 
 6
 The district court conducted a hearing on remand and concluded that Pennell should be held accountable for 3.391 unit doses of LSD for sentencing purposes. The court calculated Pennell's guideline range at 151-180 months and again sentenced him to a 180 month term. On appeal, the panel affirmed the conclusion that Pennell was accountable for the same amount of LSD as the leader of the conspiracy and rejected arguments that the district court was biased or that Pennell had been sentenced with reference to the incorrect offense level. The panel did acknowledge, however, that Pennell's sentence calculation was marred by a simple mathematical error and remanded the matter for further proceedings.
 
 
 7
 The district court conducted further proceedings after this second remand. The focus of these proceedings shifted slightly from the net weight of the unit doses of LSD to the gross weight of the LSD attributable to the entire conspiracy. The court subsequently conducted a hearing and found that, although Pennell's guideline range was less than before owing to the mathematical error in calculating the net weight of the unit doses, it was irrelevant because he was clearly responsible for the entire gross weight of the LSD (over 10 grams) and its attendant statutory mandatory minimum sentence of 120 months. While Pennell's counsel made arguments directed to the wisdom of the statutory sentencing procedures, he did not object to the court's conclusion as to Pennell's culpability for the 10 grams of LSD. The court sentenced Pennell to the statutory minimum of 120 months.
 
 
 8
 Counsel for Pennell sets forth two arguable issues in his brief, apparently at the behest of Pennell, which counsel nevertheless believes to be without merit. The first issue is whether Pennell ought to be sentenced for the entire 10 grams of LSD attributable to the conspiracy as a whole. Counsel properly notes, however, that this finding was upheld in the course of the second of the Sixth Circuit's decisions in Pennell's case. Issues raised and considered on direct appeal may not be relitigated absent extraordinary circumstances not presented here. See, e.g., Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). Counsel's second claim is that the statutory gross weight mandatory minimum should not, as a matter of policy or fairness, "trump" the guideline range calculated on the unit doses of LSD. Counsel correctly notes, nonetheless, that this argument was plainly made and rejected in Neal v. United States, 116 S.Ct. 763 (1996). There are no grounds apparent to warrant a third remand. This appeal lacks merit.
 
 
 9
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.