99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James LANDERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6407.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 Before: JONES, RYAN, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 James Landers, proceeding pro se, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January 1993, a jury found Landers guilty of conspiracy to possess with the intent to distribute dilaudid in violation of 21 U.S.C. § 841. He was sentenced to 188 months of imprisonment. A panel of this court affirmed Landers's conviction and sentence on appeal. United States v. Landers, 39 F.3d 643 (6th Cir.1994).
 
 
 3
 In his motion to vacate sentence, Landers argued that: 1) the trial court improperly calculated his sentence; 2) counsel rendered ineffective assistance; and 3) his conviction is barred by the Double Jeopardy Clause. Upon review, the district court denied the motion as without merit.
 
 
 4
 Landers has filed a timely appeal, reasserting his claims enumerated 1 through 3 above. He also argues that the district court erred when it summarily dismissed his motion without a hearing. In addition, Landers moves to proceed in forma pauperis on appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Landers's motion to vacate sentence for the reasons stated in its memorandum opinion entered October 4, 1995. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Moreover, the record does not reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943 (1993).
 
 
 6
 We initially note that Landers is barred from seeking relief on his claim enumerated 3 above because he did not raise it in his direct appeal. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Landers demonstrates cause and prejudice to excuse his failure to raise the claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Landers has alleged no cause and none is apparent from the record.
 
 
 7
 Further, Landers suffered no prejudice because this claim lacks merit. While the Double Jeopardy Clause protects against multiple punishments for the same offense, Witte v. United States, 115 S.Ct. 2199, 2204 (1995), a civil forfeiture does not constitute punishment for purposes of the Double Jeopardy Clause. United States v. Ursery, 116 S.Ct. 2135, 2142-48 (1996). Consequently, Lander's conviction for conspiracy to possess with the intent to distribute dilaudid and the subsequent forfeiture did not impose multiple punishments against him in violation of the Double Jeopardy Clause.
 
 
 8
 We also conclude that the district court properly declined to review Landers's claim enumerated 1 above. A § 2255 motion may not be employed to relitigate issues that have been fully litigated by this court absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). This court addressed and rejected Landers's challenge to the calculation of his sentence in his direct appeal, holding that the district court had properly considered the entire weight of the mixture of narcotics and carrier medium when it calculated Landers's sentence. Landers, 39 F.3d at 646-48. Therefore, this issue may not be relitigated.
 
 
 9
 In addition, Landers did not establish that counsel rendered ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As stated above, Landers's challenge to his sentence lacks merit. Thus, counsel was not ineffective because he did not prevent the district court from determining Landers's sentence based on the entire weight of the mixture of narcotics and carrier medium.
 
 
 10
 Finally, we conclude that the district court properly denied Landers's § 2255 motion without first conducting an evidentiary hearing as it plainly appears that the existing record was adequate to resolve Landers's claims. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 11
 Accordingly, we hereby grant Landers pauper status for the limited purpose of this appeal, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.