103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe BOTELLO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1384.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1996.
 
 1
 Before: KENNEDY, BOGGS, and WOOD,* Circuit Judges.
 
 ORDER
 
 2
 Joe Botello, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In March 1993, a jury convicted Botello of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and distribution of marijuana in violation of 21 U.S.C. § 841. The district court sentenced him to a total of 151 months of imprisonment, three years of supervised release, and imposed a $3,000 fine. A panel of this court affirmed Botello's convictions and sentence on appeal. United States v. Botello, Nos. 93-1763, etc., 1994 WL 175770 (6th Cir. May 9, 1994).
 
 
 4
 In his motion to vacate, Botello argued that: 1) there was a prejudicial variance between the indictment and the proof at trial; 2) the district court improperly calculated the amount of drugs attributable to him; 3) the government estimate of the amount of drugs was speculative; 4) his conviction violates the Double Jeopardy Clause; and 5) counsel rendered ineffective assistance. Upon review, the district court denied Botello's motion.
 
 
 5
 Botello has filed a timely appeal, reasserting the claims enumerated 1-3 and 5 above. He also asserts that counsel was ineffective for two additional reasons: 1) he did not challenge the sufficiency of the evidence upon which Botello was convicted, and 2) he did not challenge the enhancement of Botello's offense level based upon his role in the offense. In addition, Botello argues that he was entitled to an evidentiary hearing.
 
 
 6
 Initially, we note that Botello does not raise on appeal his claim enumerated number four above. As he has not argued this issue on appeal, we consider it abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 We also note that Botello did not raise the two new instances of alleged ineffective assistance of counsel in the district court. Unless exceptional circumstances are present, we normally will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case. Thus, we will not address these arguments.
 
 
 8
 Upon review, we conclude that the district court properly denied Botello's motion to vacate for the reasons stated in its memorandum opinion entered December 21, 1995. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Nor does it reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943 (1993).
 
 
 9
 We note that Botello is barred from seeking relief on his first claim because he did not raise it on appeal. A claim that could have been but was not raised on direct appeal is not reviewable unless Botello can demonstrate cause and prejudice to excuse his failure to raise it on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Botello has alleged no cause, and none is apparent from the record.
 
 
 10
 Further, Botello was not prejudiced as his claim lacks merit. There was no prejudicial variance between Botello's indictment and the proof at trial. See United States v. Collins, 78 F.3d 1021, 1032 (6th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3159 (Aug. 15, 1996) (No. 96-266). The record clearly reflects that Botello was involved in a single, continuing conspiracy, and that he acted in furtherance of the overall conspiracy. See United States v. Rugiero, 20 F.3d 1387, 1391 (6th Cir.), cert denied, 115 S.Ct. 208 (1994); United States v. Warner, 690 F.2d 545, 550 n. 8 (6th Cir.1982).
 
 
 11
 The district court properly declined to review Botello's second and third claims. A § 2255 motion may not be employed to relitigate issues that have been fully litigated by this court absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). A panel of this court addressed and rejected Botello's challenge to the determination of the amount of drugs attributable to him in his direct appeal. The panel concluded that Botello had not provided sufficient basis for reversing the district court's determination of the amount of drugs attributable to him. No exceptional circumstances are apparent from the record. Thus, the district court properly declined to review these claims.
 
 
 12
 Botello did not establish that counsel rendered ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Botello has not shown that but for counsel's alleged errors the result of the case would have been different. Moreover, Botello has not specifically identified any defenses that counsel should have raised, nor has he identified any witnesses counsel should have offered to challenge the government witnesses' testimony. Further, as stated above, there was ample evidence that Botello engaged in activities in furtherance of a single, continuing conspiracy.
 
 
 13
 Finally, Botello argues that the district court erred by denying his § 2255 motion to vacate without first conducting an evidentiary hearing. A decision to deny a § 2255 motion without an evidentiary hearing is reviewed for an abuse of discretion. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). The district court did not abuse its discretion in this regard as it plainly appears that the existing record was adequate to resolve Botello's claims. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 14
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation