103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur L. MOSLEY, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3013.
 United States Court of Appeals, Sixth Circuit.
 Dec. 09, 1996.
 
 Before: GUY, SUHRHEINRICH, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Arthur L. Mosley, Jr., a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Mosley of possessing with intent to distribute over five grams of cocaine base and, on February 23, 1993, the district court sentenced him to 103 months in prison. A panel of this court affirmed Mosley's conviction and sentence in an unpublished opinion. See United States v. Alston, Nos. 93-3205/3207/3383, 1994 WL 269586 (6th Cir. June 17, 1994).
 
 
 3
 In his motion to vacate, Mosley raised nine grounds for relief: (1) the government failed to disclose evidence favorable to the defense; (2) the trial court erred in finding the amount of drugs attributable to Mosley; (3) the trial court erred in applying a two-level enhancement for possession of a weapon; (4) the trial court erred in not applying a two-level reduction for minor role in the offense; (5) the government misled the jury regarding possession of a beeper; (6) Mosley's sentence was unfair in relation to his codefendants' sentences; (7) the trial court erred in denying Mosley's request for a one-day continuance; (8) Mosley's criminal conviction in addition to the civil forfeiture of his property placed him in double jeopardy; and (9) counsel rendered ineffective assistance by failing to call an alibi witness.
 
 
 4
 The district court denied Mosley's § 2255 motion and dismissed the action in an opinion and order entered on August 17, 1995. The district court concluded that there was no violation under Brady v. Maryland, 373 U.S. 83 (1963), because the evidence allegedly withheld was not material, the parties had stipulated to the weight of the drugs, the issues relating to the two-level enhancement and reduction in base offense level had been raised and rejected on direct appeal, the prosecutor's isolated statement concerning beepers was not so egregious so as to deny Mosley a fundamentally fair trial, his sentence fell within the properly-calculated guidelines range and was not appealable, Mosley had failed to establish that the district court abused its discretion in denying a continuance, there was no double jeopardy violation because Mosley had not contested the civil forfeiture, and Mosley had failed to establish that counsel was ineffective.
 
 
 5
 On appeal, Mosley continues to argue the merits of his issues relating to the alleged Brady violation, weapons enhancement, role in the offense, denial of continuance, drug quantity, and double jeopardy. He requests oral argument in his brief on appeal.
 
 
 6
 Upon review, we affirm the district court's order, essentially for the reasons stated by the district court. To warrant relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). To warrant relief on the basis of a nonconstitutional error, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, ----, 114 S.Ct. 2291, 2300 (1994).
 
 
 7
 Mosley has not raised on appeal his issues relating to prosecutorial misconduct, sentence disparity, and ineffective assistance of counsel. Therefore, they are considered to be abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In any event, these issues are meritless for the reasons stated by the district court.
 
 
 8
 The district court properly concluded that Mosley's issues regarding the sentencing enhancement for possessing a weapon and the denial of a reduction for a minor role in the offense may not be addressed on the merits. It is well-settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). There are no highly exceptional circumstances present in this case.
 
 
 9
 Mosley did not raise his remaining issues on direct appeal. The Supreme Court has set a stricter standard of review for alleged errors raised only in a motion to vacate, and an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. See United States v. Frady, 456 U.S. 152, 165 (1982). In order to have the issue considered on the merits, the movant must show cause for his failure to raise the issue on direct appeal and actual prejudice. Id. at 167-68; Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Mosley has not even attempted to do so. In any event, the grounds for relief that he presents are without merit.
 
 
 10
 Accordingly, the request for oral argument is denied. The district court's order, entered on August 17, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.