110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grant GODDARD, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1188.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges; FORESTER, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a judgment dismissing a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, Grant Goddard was convicted after a jury trial of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and of possession of false identification documents, in violation of 18 U.S.C. § 1028(a)(6). The conviction was affirmed in all respects on direct appeal. United States v. Goddard, No. 93-1823, 1994 WL 182188 (6th Cir. May 11, 1994) (unpublished per curiam).
 
 
 4
 In 1995, Goddard filed a motion to vacate sentence in which he challenged the constitutionality of the conviction and sentence. The matter was referred to a magistrate judge who recommended that the motion should be denied. The district court adopted the recommendation in the absence of any objections by Goddard. Goddard subsequently filed a document, construed as a motion to reconsider, that the court denied. This appeal followed. The parties have briefed the issues; Goddard is proceeding without benefit of counsel. In addition, Goddard moves for in forma pauperis status on appeal.
 
 
 5
 This court reviews de novo decisions granting or denying relief under 28 U.S.C. § 2255 and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reveals that Goddard has three prior convictions for violent felonies, each of which arose from a separate occurrence. Therefore, the district court did not err in denying the motion. Other claims were set forth in the district court but not in Goddard's appellate filings. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 Goddard, an individual with a lengthy criminal history, was prosecuted after a search of his dwelling uncovered a pistol, ammunition and falsified identification documents. Goddard was convicted of possessing the firearm and the false identification documents and his sentence was enhanced under the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Goddard challenged the ACCA enhancement on direct appeal, specifically, the existence and validity of the three necessary predicate offenses. The panel unequivocally rejected Goddard's claims in this regard.
 
 
 7
 Goddard subsequently challenged his conviction and sentence in his § 2255 motion. He alleged that the conviction was obtained in violation of his Fourth and Fifth Amendment rights as well as his right to effective assistance of counsel. Goddard also complained that the ACCA enhancement was flawed and that his sentence was improperly calculated by "double counting" prior convictions under the ACCA and the sentencing guidelines. The magistrate judge to whom the cause was referred categorically rejected the grounds presented in the motion and the docket sheet reflects that Goddard did not file formal objections within ten days of the report. Goddard instead submitted a pleading that purported to be a motion to amend his motion to vacate. The district court denied the motion and the accompanying motion for an extension of time to file. The district court adopted the magistrate's recommendation two days later, noting that "no objections had been filed" on behalf of Goddard. Goddard's ensuing attempt to file objections to the report was treated as a motion to reconsider and denied. On appeal, Goddard's appellate brief is directed solely to the proposition that his conviction for being a felon in possession of a firearm does not qualify as a predicate "violent felony" for ACCA purposes.
 
 
 8
 Goddard's appellate claim is utterly meritless even if this court assumes Goddard properly preserved an issue for our review. Goddard is challenging the ACCA enhancement for want of the requisite three "violent felonies" by arguing that his contemporary felon-in-possession conviction does not qualify under the ACCA. The government properly counters that Goddard specifically and unsuccessfully challenged the sufficiency of the ACCA predicate felonies on this direct appeal. Issues raised and considered on direct appeal may not be relitigated absent extraordinary circumstances not presented here. See, e.g., Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 9
 Goddard has recently filed a pro se motion to amend his petition to include an additional claim. He alleges that he offered to stipulate at trial that he had committed prior offenses, and that the prosecution refused that offer and introduced evidence of those offenses, a procedure that he argues was in error under Old Chief v. United States, 117 S.Ct. 644 (1997). Because he did not present this claim to the district court, we deny his motion without prejudice to his right to file a new petition raising this claim.
 
 
 10
 Accordingly, the motion for pauper status is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation